Matter of NYC Health + Hosps. v Organization of Staff Analysts (2020 NY Slip Op 00510)





Matter of NYC Health + Hosps. v Organization of Staff Analysts


2020 NY Slip Op 00510


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10866 450553/18

[*1] In re NYC Health + Hospitals, Petitioner-Appellant,
v
Organization of Staff Analysts, et al., Respondents-Respondents. New York City Municipal Labor Committee, Amicus Curiae


Proskauer Rose LLP, New York (Nicole A. Eichberger of the bar of the State of Louisiana, admitted pro hac vice, of counsel), for appellant.
Law Offices of Leonard A. Shrier, PC, New York (Leonard A. Shrier of counsel), for Organization of Staff Analysts, respondent.
Michael T. Fois, New York, for the New York City Office of Collective Bargaining and Susan Panepento, respondents.
Stroock & Stroock & Lavan LLP, New York (Alan M. Klinger of counsel), for amicus curiae.



Judgment (denominated an order), Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 27, 2019, which denied the petition seeking an order vacating a determination of the New York City Office of Collective Bargaining's (OCB) Board of Certification (the Board), dated March 7, 2018, adding petitioner's Director of Planning (DP) job title to the collective bargaining unit of respondent Organization of Staff Analysts (the Union), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We accord deference to the Board's rational interpretation of the governing statutes (see Civil Service Law § 201[7][a]; McKinney's Unconsol Laws of NY §§ 7385[11], 7390[5]; Administrative Code of City of NY §§ 12-303[g][2], 12-305, 12-309[b][4]), including its determination that the Health & Hospitals Corporation Act incorporates the Taylor Law's definition of "managerial or confidential" status for purposes of assessing HHC employees' eligibility for collective bargaining (Matter of NYC Health + Hosps. v Organization of Staff Analysts (HHC I), 171 AD3d 529, 530 [1st Dept 2019]).
The Board's determination that DPs do not serve in a managerial capacity was rationally based in the administrative record (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). The record showed that the DPs, while highly expert, functioned substantially in advisory capacities, making recommendations and working collaboratively to carry out responsibilities delegated to them, but not having authority to make policy on their own (see HHC I, 171 AD3d at 530). Nor is there any evidence that any of the DPs engaged in activities which would qualify them for confidential (as distinct from managerial) status, such as preparing [*2]for or conducting collective negotiations (see Civil Service Law § 201[7][a]; Matter of Lippman v Public Empl. Relations Bd., 263 AD2d 891, 902 [3d Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK